UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STEVEN E. TAYLOR, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:13CV1527 CDP |
|  | ) |  |
| JEFF NORMAN, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before me on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by the one-year limitations period, and therefore, I will order petitioner to show cause why the petition should not be summarily dismissed under Rule 4 of the Rules Governing § 2254 Cases.

I will take judicial notice of the state courts' files. Petitioner pled guilty on September 7, 2010, to a second degree assault charge State v. Taylor, Case No. 1022-CR02220 (St. Louis City). See Taylor v. State, Case No. 1222-CC02888 (St. Louis City) (Order and J. dated Dec. 21, 2012).[1] The trial court sentenced petitioner to a seven year term of imprisonment and to shock incarceration under Mo. Rev. Stat.

---

[1] The Court will attach a copy of the Order and Judgment to this Memorandum and Order.

§ 559.115, and petitioner was transferred to the custody of the Department of Corrections on September 9, 2010.  See Taylor, Order and J.  The Board of Probation and Parole prepared a report under § 559.115, and the trial court denied probation to petitioner on January 4, 2011.  See Taylor, Order and J.  Petitioner did not file an appeal.  See Pet. at 2.

Petitioner filed a motion for postconviction relief under Missouri Court Rule 24.035 on May 31, 2012.  See Taylor, Order and J.  The motion court summarily dismissed the motion as untimely.  Id.  Rule 24.035(b) requires that postconviction-relief motions must be filed within 180 days of the delivery of the defendant to the custody of the Department of Corrections.  Mo. Ct. R. 24.035(b); see Taylor, Order and J.  The motion court found that, under Missouri law, it had "no authority to entertain a motion filed out of time."  Taylor, Order and J.

Petitioner filed the instant petition on August 6, 2013.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In Missouri, a prisoner has ten days to file a notice of appeal from the date the criminal judgment is rendered. See Mo. Ct. R. 30.01(a); Mo. Ct. R. 81.04(a). As a result, the statute of limitations began to run on September 17, 2010. 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file his motion for postconviction relief until May 31, 2012. The limitations period ended, therefore, on or about September 17, 2011, and the instant petition is untimely.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause no later than thirty (30) days from the date of this Memorandum and Order why his petition should not be dismissed as untimely filed.

**IT IS FURTHER ORDERED** that the Clerk shall attach a copy of the Order and Judgment entered on December 21, 2012, in Taylor v. State, Case No. 1222-CC02888 (St. Louis City), to this Memorandum and Order.

Dated this 15th day of August, 2013.

                                        */s/ Catherine D. Perry*
                                        CATHERINE D. PERRY
                                        UNITED STATES DISTRICT JUDGE