# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVEN E. TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13 CV 1527 CDP |
| | ) |
| JEFF NORMAN, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Petitioner has filed an untimely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 15, 2013, I ordered petitioner to show cause why this action should not be summarily dismissed. Petitioner has responded. For the reasons stated below, I will dismiss the petition.

I will take judicial notice of the state courts' files. Petitioner pled guilty on September 7, 2010, to a second degree assault charge State v. Taylor, Case No. 1022-CR02220 (St. Louis City). See Taylor v. State, Case No. 1222-CC02888 (St. Louis City) (Order and J. dated Dec. 21, 2012).[1] The trial court sentenced petitioner to a seven-year term of imprisonment and to shock incarceration under Mo. Rev. Stat. § 559.115, and petitioner was transferred to the custody of the Department of Corrections on September 9, 2010. See Taylor, Order and J. The Board of Probation

---

[1]The Court will attach a copy of the Order and Judgment to this Memorandum and Order.

and Parole prepared a report under § 559.115, and the trial court denied probation to petitioner on January 4, 2011. See Taylor, Order and J. Petitioner did not file an appeal. See Pet. at 2.

Petitioner filed a motion for postconviction relief under Missouri Court Rule 24.035 on May 31, 2012. See Taylor, Order and J. The motion court summarily dismissed the motion as untimely. Id. Rule 24.035(b) requires that postconviction-relief motions must be filed within 180 days of the delivery of the defendant to the custody of the Department of Corrections. Mo. Ct. R. 24.035(b); see Taylor, Order and J. The motion court found that, under Missouri law, it had "no authority to entertain a motion filed out of time." Taylor, Order and J.

Petitioner filed the instant petition on August 6, 2013.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In Missouri, a prisoner has ten days to file a notice of appeal from the date the criminal judgment is rendered. See Mo. Ct. R. 30.01(a); Mo. Ct. R. 81.04(a). As a result, the statute of limitations began to run on September 17, 2010. 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file his motion for postconviction relief until May 31, 2012. The limitations period ended, therefore, on or about September 17, 2011, and the instant petition is untimely.

Moreover, because petitioner's motion for post-conviction relief was dismissed by the state court as untimely filed, it cannot be considered to toll the one-year limitations period inasmuch as under the Antiterrorism and Effective Death Penalty Act of 1996, it was not a "properly filed" application for post-conviction review. See Walker v. Norris, 436 F.3d 1026, 1030 (8th Cir. 2006).

Petitioner argues that the Court should not dismiss this action as time-barred because his 120-day shock time sentence was unfair and because he should not have been convicted. Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Id. at 2563. Petitioner has not

demonstrated either that he diligently pursued his rights or that an extraordinary circumstance prevented the timely filing of the petition. E.g., Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"). Therefore, he is not entitled to equitable tolling.

Petitioner further argues that the Court has failed to notice that he filed a previous federal habeas petition that was dismissed without prejudice for failure to prosecute. Taylor v. Norman, 4:13CV259 CDP (E.D. Mo. May 17, 2013). Although petitioner's argument is unclear, he may be arguing either that the federal habeas petition served to toll the limitations period or that the current habeas petition should relate back to the earlier one. Neither argument has merit. First, federal habeas applications do not toll the limitations period under § 2244(d)(2). See Duncan v. Walker, 533 U.S. 167, 172-73 (2001). Second, when an original federal habeas petition has been dismissed, there is no pending petition to which a second petition can relate back to or amend. See Neverson v. Bissonnette, 261 F.3d 120, 126–27 (1st Cir. 2001); Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001); Marsh v. Soares, 223 F.3d 1217, 1219–20 (10th Cir. 2000); Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000); Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000); Jones v. Morton, 195 F.3d 153, 160–61 (3d Cir. 1999). As a result, the filing of the previous habeas

petition is irrelevant to the timeliness of the current action. Moreover, the previous habeas action, filed on February 11, 2013, was untimely under § 2244(d).

For these reasons, I will dismiss this action without further proceedings.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Therefore, I will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that I will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk shall attach a copy of the Order and Judgment entered on December 21, 2012, in Taylor v. State, Case No. 1222-CC02888 (St. Louis City), to this Memorandum and Order.

Dated this 16th day of September, 2013.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE